IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BRENDA ODOM**                                                                                           **PLAINTIFF**

**V.**                                                              **CIVIL ACTION NO.:** 3:22-cv-5-CWR-FKB

**ST. LUKE HOME HEALTH SERVICES, LLC**                                       **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Brenda Odom, by and through counsel, Watson & Norris, PLLC, and files this action against Defendant St. Luke Home Health Services, LLC, to recover damages for violations of the Americans with Disabilities Act of 1990 (ADA) for disability discrimination and the Age Discrimination in Employment Act of 1967 (ADEA) for age discrimination.  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

## THE PARTIES

1.	Plaintiff, Brenda Odom, is an adult female citizen of Copiah County, Mississippi.

2.	Defendant, St. Luke Home Health Services, LLC, is a Mississippi Limited Liability Corporation that may be served with process through its registered agent: Charla Rowley, 215 Marion Drive, McComb, Mississippi 39648.

## JURISDICTION AND VENUE

3.	This Court has federal question jurisdiction and venue is proper in this court.

4.	Plaintiff timely filed a Charge of Discrimination with the EEOC, on

1

December 18, 2020, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Dismissal and Notice of Right to Sue on October 7, 2021. Plaintiff timely files this cause of action within ninety (90) days of the issuance of her Dismissal and Notice of Right to Sue.

## STATEMENT OF FACTS

5. Plaintiff is a 59-year-old resident of Copiah County, Mississippi.

6. Plaintiff was hired on October 6, 2019, as an Office Assistant at St. Luke Home Health and Hospice (SLHHH).

7. During November 2019, Supervisor Gina Evans went to Plaintiff and showed her a clerical error she had made (i.e., some documents attached to the incorrect chart). No verbal or written warning was given.

8. In June 2020, Ms. Evans called Plaintiff about another document incorrectly attached to the wrong chart.

9. Ms. Evans encouraged Plaintiff to be more conscientious moving forward, but again no formal verbal or written warning was given.

10. In or around February 2020, Ms. Evans gave Plaintiff a very positive job performance evaluation.

11. Nothing about misfiling issues was addressed in the evaluation.

12. Over the course of 2020, Plaintiff suffered with progressively worsening back problems.

13. In May 2020, she went to a doctor, who offered to perform a series of injections to treat her back pain.

14. Around June or July 2020, Plaintiff fell while at work.

15. At the request of Ms. Evans, Plaintiff completed an accident report form.

16. Plaintiff did not sustain an injury substantial enough to file a Worker's Compensation claim.

17. By August 2020, Plaintiff's pain was so severe that Plaintiff decided to try the series of injections her doctor had offered.

18. Plaintiff informed Ms. Evans of her intention because it required that she take off several days.

19. Initially, Plaintiff scheduled the series of injections in August, but then Ms. Evans requested that Plaintiff delay the treatment until September.

20. Plaintiff then scheduled the injection series to begin on September 1, 2020.

21. Following the treatment, Plaintiff returned to work on September 2nd.

22. Then on September 4, 2020, Ms. Evans informed Plaintiff that she was terminated.

23. Ms. Evans stated that Plaintiff had misfiled a document and that she was "falling behind on work", but no documentation was produced to support this claim, i.e., no write up.

24. Ms. Evans stated to Plaintiff that she could file for Unemployment benefits.

25. When Plaintiff filed for Unemployment, however, MDES reached out to Defendant and was apparently told that Plaintiff had "resigned."

26. Plaintiff adamantly denies the veracity of this claim.

27. As a result of Defendant's assertion that Plaintiff resigned, Plaintiff was initially denied Unemployment benefits and appealed the decision. Ultimately, the MDES found in Plaintiff's favor and awarded Plaintiff unemployment benefits.

28. Plaintiff reported Defendant's false statement to the MDES to Representative Bennie Thompson's office.

29. Based on information and belief, Plaintiff believes that her position was replaced by an able bodied and substantially younger person.

30. Plaintiff has been discriminated against based on her disability in violation of the Americans with Disabilities Act (ADA).

31. Plaintiff was discriminated against and ultimately terminated because of her age, in violation of the Age Discrimination in Employment Act of 1967.

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

32. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 31 above as if fully incorporated herein.

33. After Plaintiff received treatment for her back pain on September 1st and returned to work on September 2nd, Plaintiff was informed on September 4th that she was terminated, allegedly for misfiling a document and "falling behind on work;" however, Defendant produced no documentation was produced to support this claim, i.e., no write up.

34. Based on information and belief, Plaintiff believes that her position was replaced by an able bodied and substantially younger person.

35. Plaintiff has been discriminated against based on her disability in violation of the Americans with Disabilities Act (ADA).

36. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

37. The actions of the Defendant are in violation of the Americans with Disabilities Act of 1990, as amended.

## COUNT II:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 (ADEA)

38. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 37 above as if fully incorporated herein.

39. Defendant unlawfully discriminated against Plaintiff because of her age, (59).

40. At age 59, Plaintiff was in the protected age category of the ADEA and Plaintiff was more than qualified for her position as Office Assistant at St. Luke Home Health and Hospice (SLHHH).

41. Based on information and belief, Plaintiff believes that her position was replaced by an able bodied and substantially younger person.

42. Plaintiff has been harmed as a result of this willful age discrimination, and the Defendant is liable to Plaintiff for the same.

43. Plaintiff was discriminated against, and ultimately terminated because of her age, in violation of the Age Discrimination in Employment Act of 1967.

44. The acts of Defendant constitute a willful intentional violation of the ADEA and entitle Plaintiff to recovery of back wages, reinstatement or front pay in lieu of reinstatement, liquidated damages and attorney fees.

45. As a direct and proximate result of the acts and omissions of the Defendant described above, Plaintiff has suffered lost wages and benefits.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Compensatory damages;
4. Liquidated damages;
5. Punitive damages;
6. Lost Benefits;
7. Pre-judgment and post-judgment interest;
8. Attorney fees and costs; and
9. Such other relief as the Court deems just and appropriate.

THIS the 5th day of January 2021.

                          Respectfully submitted,

                          BRENDA ODOM, Plaintiff

            By:   /s/Louis H. Watson, Jr.
                      Louis H. Watson, Jr. (MB# 9053)
                      Nick Norris (MB# 101574)
                      Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Email: nick@watsonnorris.com